IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **April Sims,** | : | Case No. 3:10 CV 2941 |
| *Plaintiff* | | |
| | : | |
| v. | | |
| **Charter One Bank,** | : | **MEMORANDUM DECISION AND ORDER** |
| *Defendant.* | | |

The parties orally consented to the exercise of jurisdiction by the undersigned Magistrate Judge for purposes of conducting all proceedings and entering judgment. Pending is counsel for Plaintiff's unopposed Motion to Withdraw and Defendant's unopposed Motion to Dismiss (Docket Nos. 19 & 22). For the reasons that follow, the Motion to Withdraw is granted and the Motion to Dismiss is granted.

### I. THE PARTIES.

Plaintiff is an African American female over the age of 40 years. She was employed by Defendant as a teller in September 2003. She was subsequently promoted to a banker (Docket No. 1, Attachment 1, p. 3 of 7).

Defendant, a full service bank, is a wholly owned subsidiary of the Royal Bank of Scotland. Defendant does business in Toledo, Ohio.

## II. JURISDICTION.

This Court has diversity jurisdiction based on the citizenship of the parties. Plaintiff is a citizen of Ohio. Defendant is a nationally chartered bank established in Providence, Rhode Island. At the time of removal, complete diversity existed between the identified parties and this Court properly exercised diversity jurisdiction. *See Carry v. United States Bulk Transport*, 462 F. 3d 536, 539 (6th Cir. 2006) (*see Jerome-Duncan, Incorporated v. Auto-By-Tel, L.L.C.,* 176 F.3d 904, 907 (6th Cir. 1999) ("In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time that the case is commenced and at the time that the notice of removal is filed.").

## III. FACTUAL BACKGROUND.

Effective in November 2008, Plaintiff contends that she was asked to engage in "suspect and questionable" business practices that, in her opinion, constituted a direct violation of ethical considerations. Specifically, she was asked to engage in illegal banking practices that related to extending credit to customers as well as potential customers (Docket No. 1, Attachment 1, pp. 3-4). Plaintiff refused to compromise her principles or engage in unethical behavior (Docket No. 1, Attachment 1, p.4).

Plaintiff reported her suspicions and complaints to the anonymous hotline established by Defendant for employees to report illegal and improper corporate conduct. Plaintiff claims that she was summarily discharged when it was determined that she was the complainant. However, other employees who filed similar complaints were not discharged or disciplined(Docket No. 1, Attachment 1, p. 5).

## IV. PROCEDURAL BACKGROUND.

On November 30, 2010, Plaintiff filed a complaint in the Lucas County Common Pleas Court. On December 30, 2010, Defendant sought the removal of Plaintiff's complaint on the basis of diversity of citizenship. The parties orally consented to the jurisdiction of the undersigned Magistrate Judge. The parties entered a stipulated protective order[1] (Docket No. 17). Plaintiff's counsel filed a Motion to Stay or Dismiss Plaintiff's Claims for Lack of Prosecution (Docket No. 18). Shortly thereafter, Plaintiff's counsel filed a Motion to Withdraw as Attorney (Docket No. 19). The Court granted the Motion to Stay (Docket No. 20). Defendant filed a Motion to Dismiss (Docket No. 22).

### V. STANDARD FOR WITHDRAWAL OF COUNSEL.

Attorney withdrawal issues are committed to the court's discretion. *Gerber v. Riordan,* 2011 WL 5966860, *1 (N. D. Ohio 2011) (*citing Brandon v. Blech,* 560 F.3d 536, 537 (6th Cir. 2009)). Review of a denial of a motion to withdraw is reviewed for an abuse of discretion. *Id.*

Under Rule 83.9 of the LOCAL RULES FOR THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO, the attorney of record may not withdraw, . . . without first providing written notice to the client and all other parties and obtaining leave of Court. *Id.* Attorneys admitted to the bar for the Sate Ohio are governed by the OHIO RULES OF PROFESSIONAL CONDUCT adopted by the Ohio Supreme Court on February 12, 2007. *Id.* at *2 (*citing N. Eagle v. Kosas*, 2009 WL 2462708, *5 (2009)). THE RULES OF PROFESSIONAL CONDUCT outline when an attorney may withdraw from representation. *Id.* Relevant to this proceeding is RULE 1.16(b)(1) which provides that an attorney may withdraw from representation of a client if such withdrawal can be accomplished without material

---

[1] The terms of this agreement define confidential information, limit the dissemination of confidential information by counsel, counsel's personnel, the parties, lay witnesses, expert witnesses and third parties and designates the parameters for disclosure of all information.

adverse effect on the interests of the client *Id*. Specifically, Rule 1.16(b) sets forth the rules that an attorney must follow when terminating representation. An attorney may withdraw from representation when any of the following apply:

(1) withdrawal can be accomplished without material adverse effect on the interests of the client;
(2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is illegal or fraudulent;
(3) the client has used the lawyer's services to perpetrate a crime or fraud;
(4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
(5) the client fails substantially to fulfill an obligation, financial or otherwise, to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client;
(7) the client gives informed consent to termination of the representation;
(8) the lawyer sells the law practice in accordance with Rule 1.17;
(9) other good cause for withdrawal exists.

*Id.* at *2 fn. 1.

### VI. ANALYSIS OF COUNSEL'S REQUEST TO WITHDRAW.
#### DOCKET NO. 19.

The Magistrate notes that Plaintiff has not communicated with this Court. Counsel avers that he attempted to contact Plaintiff about his continued representation through "mailers" and telephone calls. The mail is presumed to have been delivered. All of counsel's calls were forwarded to voice mail. Plaintiff made no attempts to call her counsel and for all intents and purposes, counsel considered that she had disappeared. Counsel was therefore unable to advance Plaintiff's interests, conduct discovery or discuss settlement.

The Magistrate finds that Plaintiff's counsel cannot provide adequate representation without a client. The failure of his client to cooperate with prosecuting her claims is good cause for withdrawal. Accordingly, the Motion to Withdraw as Attorney is granted.

## VII. STANDARD FOR DISMISSAL UNDER FED. R. CIV. P. 41(b).

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. *Brown v. Spherion,* 2011 WL 3648640, *2 (N. D. Ohio 2011) (*citing* FED. R. CIV. P. 41(b) (Thomson Reuters 2011)). Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under RULe 19—operates as an adjudication on the merits. *Id.* (*citing* FED. R. CIV. P. 41(b) (Thomson Reuters 2011)).

In the context of dismissal pursuant to RULE 41(b) for failure to prosecute, the court looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Id.* (*citing Oleoproteinas Del Sureste, S.A.* v. *French Oil Mill Machinery Company*, 202 F. R. D. 541, 545 (S. D. Ohio 2000) (*citing Stough v. Mayville Community School*, 138 F.3d 612, 615 (6th Cir. 1998)). Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct. *Id*. (*citing Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (*see also, Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick and GMC Trucks, Incorporated*, 173 F.3d 988, 992 (6th Cir. 1999) (applying the same four factors when deciding whether the District Court had abused its discretion when dismissing a plaintiff's complaint with prejudice for failure to prosecute under RULE 41(b)).

## VIII. ANALYSIS OF DEFENDANT'S MOTION TO DISMISS.
Docket No. 22.

5

Dismissal of this case will strike an appropriate balance for the parties by alleviating the prejudice to Defendant and controlling the Court's docket. Plaintiff failed to appear for the settlement conference and her deposition. Four months have elapsed and Plaintiff has continuously failed to act or communicate with her counsel or this Court, causing a delay of significant duration. The Magistrate finds that to allow this matter to continue in its present inactive status does a disservice to Defendant as well as Plaintiff's counsel, both of whom have diligently attempted to proceed to resolution. Having assessed the efficacy of lessor or alternate sanctions such as staying the order further, striking pleadings, prohibiting responses, enlarging Defendant's time to respond or rendering a default judgment, the Magistrate finds that their imposition is simply futile without Plaintiff's presence in the lawsuit. Exercising the inherent power to control her docket, the Magistrate grants the Motion to Dismiss. Such dismissal operates as an adjudication on the merits and thus will be with prejudice to Plaintiff's refiling of a new action in federal court based on the same allegations.

## VI. CONCLUSION

For these reasons, the Magistrate grants the Motion to Withdraw as Attorney and grants the Motion to Dismiss.

**IT IS SO ORDERED.**

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date: December 30, 2011